UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:17-CV-00202-GNS

WALTON R. HADDIX                                                                              PLAINTIFF

v.

INTERNAL REVENUE SERVICE, et al.                               DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on Defendants' Motion to Dismiss (DN 7). The motion is ripe for adjudication. For the reasons outlined below, the motion is **GRANTED**.

### I.     STATEMENT OF FACTS AND CLAIMS

Plaintiff Walton R. Haddix ("Haddix") was a professional tax preparer who operated an H&R Block tax office from 2008 to 2015. (Suppl. Compl. ¶ 4, DN 1-2). As alleged by Haddix, the Internal Revenue Service ("IRS") and others acting on its behalf audited his H&R Block office on the mistaken belief that Haddix had improperly prepared tax returns on behalf of numerous taxpayers. (Suppl. Compl. ¶¶ 14-17). Haddix alleges that the subsequent review of the challenged returns by IRS Appeals Officer was flawed and challenges the collection of levies collected against him. (Suppl. Compl. ¶¶ 17-18).

Haddix filed this action against Defendants alleging a violation of the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, and asserting that this Court has jurisdiction over the matter pursuant to the APA and the Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201, 2202. (Suppl. Compl. ¶¶ 2, 19-21). Haddix requests that the Court order the IRS to, *inter alia*, "repay and refund all amounts the Plaintiff paid by check, automatic withdrawal from Plaintiff's bank, social security account, and any amounts kept by the [IRS] . . . from Plaintiff's 2015 and 2016 tax returns or any other tax returns plus interest on all amounts." (Suppl. Compl. ¶ 22).

## II.   STANDARD OF REVIEW

Under Fed. R. Civ. P. 12(b)(1), a party may move for dismissal on the basis of lack of subject matter jurisdiction. "Subject matter jurisdiction is always a threshold determination," and "may be raised at any stage in the proceedings . . . ." *Am. Telecom Co., L.L.C. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007) (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 101 (1998)); *Schultz v. Gen. R.V. Ctr.*, 512 F.3d 754, 756 (6th Cir. 2008). "A Rule 12(b)(1) motion can either attack the claim of jurisdiction on its face, in which case all allegations of the plaintiff must be considered as true, or it can attack the factual basis for jurisdiction, in which case the trial court must weigh the evidence and the plaintiff bears the burden of proving that jurisdiction exists." *DLX, Inc. v. Kentucky*, 381 F.3d 511, 516 (6th Cir. 2004). "A facial attack on the subject-matter jurisdiction alleged in the complaint questions merely the sufficiency of the pleading." *Gentek Bldg. Prod., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h).

## III.   DISCUSSION

Defendants move to dismiss Haddix's claim on that basis that this Court lacks subject matter jurisdiction to hear this dispute. (Defs.' Br. Supp. Mot. Dismiss 1, DN 8). In particular, Defendants contend that the APA does not contain a waiver of sovereign immunity to permit the recovery of monetary damages against the United States and that neither the APA nor the DJA confer jurisdiction on this Court.[1]  (Defs.' Br. Supp. Mot. Dismiss 1).

---

[1] All of the individual Defendants named by Haddix as parties are sued in their official capacities. (Suppl. Compl. ¶¶ 7-10). As a result, the United States of America is the real party in interest in this action. *See Mintz v. United States*, No. 99-5980, 2000 WL 486609, at *1 (E.D. Pa. Apr. 25, 2000) ("Where a federal official is sued in his official capacity, the real party in interest in the

2

The Court agrees. The Sixth Circuit has held that neither the DJA nor the APA create an independent basis for subject matter jurisdiction in this forum. *See Jama v. Dep't of Homeland Sec.*, 760 F.3d 490, 494 (6th Cir. 2014) (citations omitted); *Heydon v. MediaOne of Se. Mich., Inc.*, 327 F.3d 466, 470 (6th Cir. 2003).

From the face of the Complaint and its supplement, Haddix is requesting monetary damages. As noted above, the United States is the real party in interest for all claims asserted in this action, and "[i]t is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983); *see also Worldwide Equip. of Tenn., Inc. v. United States*, 876 F.3d 172, 175-76 (6th Cir. 2017). Neither the APA nor the DJA constitute a waiver to the claims in this action. *See* 5 U.S.C. § 702 (providing a limited waiver for "[a]n action in a court of the United States seeking relief other than money damages" under the APA); *United States v. City of Detroit*, 329 F.3d 515, 521 (6th Cir. 2003) (en banc) (noting that under the APA, "[t]he government has waived its immunity with respect to non-monetary claims." (citing 5 U.S.C. § 702)); *Haines v. Fed. Motor Carrier Safety Admin.*, 814 F.3d 417, 425 (6th Cir. 2016) (stating that "to the extent that Haines seeks monetary damages under the APA, [federal courts] lack jurisdiction over his claim." (citing 5 U.S.C. § 702)); 28 U.S.C. § 2201(a) (conferring subject matter jurisdiction upon federal courts "[i]n [] case[s] of actual controversy within [their] jurisdiction, except with respect to Federal taxes other than actions brought under section 7428 of the Internal Revenue Code of 1986 . . . ."); *Kryzske v. Comm'r*, 548 F. Supp. 101, 103 (E.D. Mich. 1982), *aff'd*, 740 F.2d 968 (6th Cir. 1983)

---

United States." (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Aziz v. Buckwalter*, No. 98-6047, 1999 WL 239035, at *1 (E.D. Pa. Apr. 9, 1999))).

3

("The Declaratory Judgments Act, 28 U.S.C. § 2201, also provides no basis for relief in a tax suit." (citations omitted)).

It is important to note that there is a process available to address Haddix's grievance with the IRS. However, Haddix has not satisfied the conditions precedent to pursue his claim in this forum. As Defendants' note in their reply:

> [Haddix] is not without a remedy. If he seeks a refund of the civil penalties that the Service assessed against him, he may bring a suit under 26 U.S.C. § 7422, after he first pays the required amount and then files an administrative claim for refund with the Service.

(Defs.' Reply Mot. Dismiss 2, DN 12 (citing *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4 (2008); 26 U.S.C. § 7422(a))). If Haddix is unsuccessful with the outcome of his administrative claim, then he could bring suit under 26 U.S.C. § 7422 if he so desires.

For the above reasons, this Court lacks subject matter jurisdiction over this action and will therefore grant the motion dismissing this case.

## IV. CONCLUSION

For the reasons outlined above, **IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (DN 7) is **GRANTED**, and Plaintiff's Complaint is **DISMISSED**. The Clerk shall strike this matter from the active docket.

**Greg N. Stivers, Judge**
**United States District Court**
August 9, 2018

cc: counsel of record
Walton R. Haddix, *pro se*